UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEJIDE QUINONES, on behalf of herself and all others similarly situated , <br><br>          Plaintiff, <br><br>      - against - <br><br> PRC MANAGEMENT COMPANY LLC, PRC MANAGEMENT CORPORATION, <br> FRANK LINDE, individually, JOHN CHATZKY, individually, and DAVID GARTENLAUB, individually, <br><br>          Defendants. | CIVIL ACTION NO. <br> 1:14-CV-09064-VEC |

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS
## COUNTS ONE AND TWO OF PLAINTIFF'S AMENDED COMPLAINT

---

Carmine A. Iannaccone
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
Tel: 212.351.4500
CIannaccone@ebglaw.com
 Attorneys for Defendants
 *PRC Management Company LLC, Frank Linde,*
 *John Chatzky, and David Gartenlaub*

FIRM:28139866v3

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................ii

Table of Authorities ...................................................................................................iii

PRELIMINARY STATEMENT ................................................................................. 1

    A.   Allegations relating to PRC's policies ...........................................................4

    B.   The allegations in the Amended Complaint demonstrate that Plaintiff's pay stubs reflect both accrued and unaccrued leave under PRC's policies. .....................................................................................................5

    C.   Allegations relating to Plaintiff's attendance ................................................7

    D.   The Allegations in the Amended Complaint Demonstrate that the Amounts of Accruable Leave Set Forth in Plaintiff's Pay Stubs were Adjusted to Account for the Fact that Plaintiff Would Not Accrue Any Such Leave While She was Out On FMLA Leave. .........................................8

    E.   Allegations relating to Plaintiff's hours of work...........................................9

STANDARD OF REVIEW ...................................................................................... 10

THE CERTIFICATION SUPPORTING DEFENDANTS' MOTION ....................... 11

MAY BE CONSIDERED IN ACCORDANCE WITH RULE 12(B)(6). ................... 11

LEGAL ARGUMENT............................................................................................. 13

I.   Plaintiffs Cannot State a Claim for Violations of the FLSA. ................................ 13

    A.   The single deduction alleged in the Amended Complaint is not enough to render Plaintiff non-exempt. ...................................................................13

    B.   Plaintiff has not properly alleged that she had available sick leave at the time that she was not paid due to her absences, and thus has not alleged a violation of the "Salary Basis" test. ...............................................15

    C.   Plaintiff has not sufficiently alleged a claim for unpaid wages under the FLSA.................................................................................................16

II.   Plaintiffs Cannot State a Claim for Impermissible Deductions Under   Section 193............ 20

CONCLUSION....................................................................................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Centennial Ins. Co. v. Seguros La Republica, S.A.*,
   No. 91 Civ. 1235, 1996 WL 304436 (S.D.N.Y. June 5, 1996)................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................11, 16, 19

*Auer v. Robbins*,
   519 US 452 (1997)................................................................................................................14

*Cash v. Cycle Craft Co., Inc.*,
508 F. 3d 680, 684 (1st Cir. 2007)..........................................................................................14

*Chambers v. Time Warner, Inc.*,
   282 F. 3d 147 (2d Cir. 2002).................................................................................................12

*Dejesus v. HF Management Services, LLC*,
   726 F. 3d 85 (2d Cir. 2013)...............................................................................................17, 18

*Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC*,
   2012 U.S. Dist. LEXIS 40288 (E.D. N.Y. Mar. 23, 2012) ....................................................21

*Havey v. Homebound Mortgage, Inc.*,
547 F. 3d 158, 163 (2nd Cir. 2008).........................................................................................14

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir.1995)..................................................................................................16

*In re Livent, Inc. Noteholders Securities Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001)..................................................................................16

*Ireton-Hewitt v. Champion Home Builders Co.*,
   501 F.Supp.2d 341 (N.D.N.Y. 2007).....................................................................................21

*Kletter v. Fleming*,
   820 N.Y.S.2d 348 (3d Dept. 2006) ........................................................................................21

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F. 3d 419 (2d Cir. 2011).................................................................................................12

*Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609
   (2008)....................................................................................................................................*20*

*Pruell v. Caritas Christi*,
    678 F.3d 10 (1st Cir. 2012) ...........................................................................................18, 19

*Salahuddin v. Jones*,
    992 F.2d 447 (2d Cir.1993) .................................................................................................16

*Sira v. Morton*,
    380 F.3d 57 (2d Cir.2004) ...................................................................................................12

*Strohl v. Brite Adventure Ctr., Inc.*,
    2009 U.S. Dist. LEXIS 78145 (E.D.N.Y. Aug. 28, 2009) ....................................................21

**Statutes**

Fair Labor Standards Act ...............................................................................1, 2, 3, 9, 10, 19, 20

Section 193 of the New York Labor Law.......................................................................1, 2, 3, 20, 21

**Other Authorities**

29 C.F.R. § 541.602 ..............................................................................................................1, 14

F.R.Civ.P. 12(b)(6) ...................................................................................................... *passim*

Fed.R.Civ.P. 8(a) ...................................................................................................................11

Fed.R.Civ.P. 12(d) .................................................................................................................12

Federal Rule of Civil Procedure 8 and 12(b)(6) ............................................................................3

Federal Rule of Civil Procedure 8(a)(2) and 12(b)(6) ....................................................................1

Rule 8(a) of the Federal Rules of Civil Procedure ........................................................................11

Rule 56 ................................................................................................................................12

FIRM:28139866v3

## PRELIMINARY STATEMENT

Plaintiff Yejide Quinones is a former employee of PRC who contends that Defendants made improper deductions from her paid time off and her salary.  Plaintiff contends that she is therefore entitled to pursue (i) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., on behalf of herself and similarly-situated employees, and (ii) a class action for alleged claims arising under the Section 193 of the New York Labor Law ("Section 193").  Pursuant to Federal Rule of Civil Procedure 8(a)(2) and 12(b)(6), Defendants PRC Management Company LLC (also incorrectly named in the Complaint as "PRC Management Corporation") ("PRC"), Frank Linde, John Chatzky and David Gartenlaub move to dismiss Count One (Fair Labor Standards Act) and Count Two (Section 193 of the New York Labor Law) of Plaintiff's Amended Complaint against Defendants for failure to state a claim on which relief may be granted.

Plaintiff's original Complaint alleged that PRC took partial day deductions from Plaintiff's pay, and that those deductions violated Section 193 and rendered Plaintiff a non-exempt employee under the FLSA.  Defendants' pointed out that Plaintiff's original Complaint failed to make any claim for unpaid hours of work as required to state a claim under the FLSA. Defendants' further pointed out that Section 193 clearly recognizes that the non-payment of wages is not a "deduction," and thus Plaintiff had not stated a claim under that statute. Accordingly, Plaintiff has filed an Amended Complaint asserting FLSA and Section 193 claims under entirely different theories.  The Amended Complaint, however, is an amalgamation of conclusory assertions that are directly contradicted by more specific allegations set forth elsewhere in that same pleading.

Count One asserts that Plaintiff was not paid on a salary basis, and is therefore a non-exempt employee under the FLSA.  The "salary basis" test requires that exempt employees be paid a fixed salary regardless of the quantity or quality of their work.  29 C.F.R. § 541.602.  Plaintiff concedes that there is an exception to this rule for full day absences due to sickness, but states that such absences may be unpaid only "'after the employee has exhausted the leave allowance' provided by the employer's sickness leave plan."  Plaintiff then states that she was not paid on a salary basis because:

> Defendants deducted pay from Plaintiff's salary although Plaintiff still had leave available, as indicated in documents provided to Plaintiff by Defendants.

(Amended Complaint, ¶ 111.)  However, this allegation is predicated on a single occasion on which Plaintiff was not paid for two missed work days, and a single alleged deduction is not sufficient to render Plaintiff non-exempt.

Furthermore, Plaintiff's contention that she had "leave available" is based on a misunderstanding or misstatement of the 2014 Sick Leave listed on Plaintiff's pay stubs.  Plaintiff asserts that the full amount of annual Sick Leave (as referenced in her pay stubs at the beginning of the year) must have been immediately available to her.  However, the pay stubs merely reflected the total amount of leave that would accrue to Plaintiff if she worked the full year.  This fact is clearly demonstrated where the Amended Complaint quotes PRC's policy as stating that Sick Leave had to be "earned," and the PRC Employee Handbook specifically references the fact that Sick Leave time "accrues" during employment.[1]  In addition to admitting

---

[1] Defendants have submitted a copy of the relevant pages from the PRC Employee Handbook, which quoted and relied upon in the Amended Complaint (attached to the Certification of Carmine A. Iannaccone, Esq. ("Iannaccone Cert.").).  The Court may consider this Handbook and proceed under F.R.Civ.P. 12(b)(6) because the Handbook is incorporated by reference into the Amended Complaint and are both relied upon and integral to the Amended Complaint.

2

that Sick Leave must be accrued, the Amended Complaint alleges that Plaintiff could accrue only 6 six days over the course of the entire year, and alleges that she had taken at least 5.5 of Sick Leave in the first six weeks of the year.  Thus, these specific allegations affirmatively counter Plaintiff's conclusory assertion that she had available Sick Leave at the time PRC did not pay her for two full-day absences.  Accordingly, the facts alleged by Plaintiff are insufficient to establish a violation of the salary basis test or a claim under the FLSA, and Count One of the Complaint should be dismissed.

Furthermore, even if Plaintiff had properly alleged that improper deductions made her a non-exempt employee, she has not alleged that she actually worked more than 40 hours per week in any particular workweek for which she is entitled to overtime.  Accordingly, under Federal Rule of Civil Procedure 8 and 12(b)(6) as interpreted by the United States Supreme Court, and as applied to FLSA cases by the Second Circuit Court of Appeals, Plaintiff's FLSA claim should be dismissed.

Count Two of the Amended Complaint alleges that Defendants violated Section 193 because they "deducted hours from Plaintiff's leave bank in excess of the leave Plaintiff had actually taken." (Amended Complaint, ¶ 119.)  However, Defendants alleged failure to provide Plaintiff with the leave to which she was purportedly entitled is not a "deduction" under Section 193.  Furthermore, Plaintiff's "leave bank" is not accrued wages, and thus cannot be subject to a deduction under Section 193.

Moreover, while Plaintiff purports to find the decrease in her accruable leave to be inexplicable, the allegations in the Amended Complaint admits that PRC recalculated the amount of leave she would accrue to account for the fact that she was going on FMLA leave, and while would not accrue Sick or Vacation leave while out on FMLA leave.

3

In light of the foregoing, Counts One and Two of Plaintiff's Amended Complaint fail to allege facts that could sustain Plaintiff's claims under the FLSA and Section 193. Therefore, those claims should be dismissed with prejudice and without further leave to amend.

## RELEVANT FACTUAL ALLEGATIONS

The Amended Complaint alleges that Plaintiff was employed by PRC as a Compliance Manager and paid "a salary of $52,000 per year." (Amended Complaint, ¶ 23.) Plaintiff contends that she "was responsible for overseeing anywhere from four (4) to six (6) compliance specialists during her tenure with Defendants. Plaintiff alleges that her job duties included, *inter alia*, handling tax credit procedures, scheduling of projects, handling audits, dealing with tenant issues, etc." (Amended Complaint, ¶ 24.)

### A. Allegations relating to PRC's policies

Plaintiff alleges that "Defendants maintained an Employee Handbook which contained Defendants' Vacation Leave, Sick Leave and Personal Leave policies. (Amended Complaint, ¶ 31.) Plaintiff further alleges:

- "Pursuant to Defendants' Sick Leave Policy, all eligible full-time employees **earn** six (6) days of paid Sick Leave in any calendar year." (Amended Complaint, ¶ 33) (emphasis added.)

- "Pursuant to Defendants' Personal Leave Policy, all eligible full-time employees are entitled to three (3) days of paid Personal Leave each year … **Only one day of Personal Leave day is available for each four-month period of the year**…" (Amended Complaint, ¶ 32) (emphasis added.)

- "Pursuant to Defendants' Vacation Leave Policy, eligible employees … may take up to ten (10) days of Vacation Leave per year," and "'vacation time is **accrued** on a monthly basis and can be taken in advance…'" (Amended Complaint, ¶ 34) (emphasis added.)[2]

---

[2] The FLSA claim in Plaintiff's original Complaint was largely predicated on PRC's Partial Work Days Policy (which Plaintiff alleged was applied to her) providing that, if an "employee has fully exhausted his/her paid time off balances, then the un-worked hours will be unpaid.'"

4

**B. The allegations in the Amended Complaint demonstrate that Plaintiff's pay stubs reflect both accrued and unaccrued leave under PRC's policies.**

The Amended Complaint then engages in a lengthy recitation of the Sick Leave, Vacation Leave and Personal Leave listed in Plaintiff's pay stubs, making the conclusory assertion that all of that time was immediately available to her, and therefore Defendants improperly failed to pay her for two days on which she did not work.

It is clear on the face of the Amended Complaint that much of the leave time listed on Plaintiff's pay stubs had not yet accrued in early 2014.  Plaintiff states that the amount of leave provided under PRC policy was "ten (10) days of Vacation Leave, one (1) day of Personal Leave, and six (6) days of Sick Leave."  (Amended Complaint, ¶ 35.)  Plaintiff further states that her first pay stub of 2014 shows "10 days of available Vacation Leave, and 3 days (the annual maximum) of available Personal Leave."  (Amended Complaint, ¶ 40.)  Plaintiff further states that the same pay stub reflects 4.5 days of Sick Leave, down from the annual amount of 6 days only because she had already taken 1.5 days of Sick Leave in 2014.  (Amended Complaint, ¶¶ 38-40.)  Plaintiff therefore contends that the all of her accruable leave was immediately available to her in January 2014.

---

(Amended Complaint, ¶ 36.)  The Amended Complaint includes the allegation from Plaintiff's original Complaint regarding that policy, but abandons any attempt to base an FLSA claim on PRC's Partial Work Days policy.

Indeed, the Amended Complaint does not allege that Plaintiff was not paid for any partial-day absences.  The Amended Complaint alleges only one instance in which Plaintiff was not paid for her time off.  Plaintiff contends that her "pay was reduced by approximately $400" after she had several absences in February 2014.  (Amended Complaint, ¶ 46.)  Given that Plaintiff alleges she was paid $1,000 per week (Amended Complaint, ¶ 23), this alleged deduction would appear to cover two full day absences.

5

However, elsewhere in the Amended Complaint, Plaintiff admits that it was PRC's policy that vacation time was "accrued on a monthly basis." (Amended Complaint, ¶ 34 (emphasis added).)[3]  Thus, despite Plaintiff's conclusory and contradictory assertions, the more specific allegations in the Amended Complaint demonstrate that the amount of the Vacation Leave set forth in the pay stubs was both accrued and unaccrued Vacation Leave.

Furthermore, while Plaintiff alleges that her first pay stub of 2014 reflects the full 3 days of Personal Leave provided for by policy, she admits that it was PRC's policy that "only one day of Personal Leave day is available for each four-month period of the year…" (Amended Complaint, ¶ 32.)  Thus, it is clear that the pay stub reflects 2 days of Personal Leave that was not available to Plaintiff.

Finally, Plaintiff alleges that her first pay stub of 2014 reflects 4.5 days of Sick Leave (the full 6 days of Sick Leave that may be accrued in a year, minus the 1.5 days she had already taken).  However, this contention is contradicted in the Amended Complaint, which quotes the Sick Leave Policy stating:

> "All eligible full-time employees **earn** six (6) paid days of sick leave in any calendar year."

(Amended Complaint, ¶ 33.) (emphasis added.)  Moreover, the Handbook later states:

> "After tendering a resignation, you may use **accrued** vacation or personal time for any day(s) out, not **accrued sick time**."

(Iannaccone Cert., ex. A, p. 29) (emphasis added.)

---

[3] Vacation Leave could be taken in advance of its accrual because the Vacation Leave policy specifically stated this fact.  (Amended Complaint, ¶ 34; see also Iannaccone Cert., Exhibit D, p. 14.)

FIRM:28139866v3

Therefore, the more specific allegations of the Amended Complaint again demonstrate that the full annual allotment of 6 Sick days was not available to Plaintiff at the beginning of 2014.  Accordingly, there is no basis for Plaintiff's contention that she had available Sick leave available to her even after taking 5.5 Sick days in the first six weeks of 2014.

**C.   <u>Allegations relating to Plaintiff's attendance</u>**

Plaintiff complains that after she had taken 5.5 days of Sick Leave, her "pay was reduced by approximately $400 for this period, from $1,617.91 to $1,222.61 in February 2014." (Amended Complaint, ¶ 46.)  Plaintiff alleges that she questioned the reduction in her pay, and was informed that "she had not yet 'accrued' enough Vacation Leave or Sick Leave in 2014, and therefore she had exhausted all of her paid time off."  (Amended Complaint, ¶¶ 49-50; see also ¶¶ 54-55.)

Plaintiff alleges that this statement was "in direct conflict with Defendants' Employee Handbook, the information on Defendants' timekeeping system, and the information on Plaintiff's pay stubs."  (Amended Complaint, ¶ 50.)  However, Plaintiff admits that she then "reviewed the Employee Handbook," which "states that Vacation Leave is accrued each month," and explicitly notes that vacation may be taken in advance of its accrual.  (Amended Complaint, ¶¶ 51.)

Plaintiff then contends that "[t]he Employee Handbook says nothing about needing to accrue Sick Leave..."  (Amended Complaint, ¶ 51.)  (Amended Complaint, ¶¶ 49-50.)  As noted above, this assertion is directly contrary to the allegation in paragraph 33, which correctly quotes PRC's policy as stating that employees must <u>earn</u> their Sick Leave days, and by the Handbook refers to "accrued sick time."  (Amended Complaint, ¶ 33; Iannaccone Cert., ex. A, p. 29.)

7

In sum, the Amended Complaint does not allege facts that would be sufficient to show that Plaintiff had any Sick Leave available at the time she was not paid for two days of work on which she was absent.

### D. The Allegations in the Amended Complaint Demonstrate that the Amounts of Accruable Leave Set Forth in Plaintiff's Pay Stubs were Adjusted to Account for the Fact that Plaintiff Would Not Accrue Any Such Leave While She was Out On FMLA Leave.

Furthermore, Plaintiff contends that the projections of her accruable Vacation Leave and Personal Leave set forth in her pay stubs were subject to improper "deductions." (See Amended Complaint, ¶¶ 43, 46.) However, Paragraph 56 states that Plaintiff was told that information in her pay stubs regarding the amounts of leave time she could accrue over the course of 2014 were adjusted downward to account for the fact that she was not going to accrue such time while she was on FMLA leave. Indeed, while misstating the accruable leave as an "entitlement," Plaintiff's Amended Complaint admits she was told that, "because of her upcoming FMLA leave, Plaintiff would not get the amount of vacation leave she was entitled to under Defendants' Vacation Leave Policy, as detailed in the Employee Handbook." (Amended Complaint, ¶ 56.)

Regardless of Plaintiff's characterization, the Amended Complaint's contradictory assertions are not sufficient to show that the adjustments to Plaintiff's were improper deductions, rather than an appropriate reflection of the fact that Plaintiff would not accrue further paid leave while on FMLA leave.

8

### E. **Allegations relating to Plaintiff's hours of work**

In regard to Plaintiff's alleged overtime, the Amended Complaint alleges only that "[a]lthough Plaintiff typically worked a 40-hour week, Plaintiff was occasionally tasked with working more than 40 hours per week. Approximately twice a month, Plaintiff would work 2-3 hours over 40 during a week. And approximately once a month, Plaintiff would be required to work on Saturdays for 5-6 hours."  (Amended Complaint, ¶ 25.)  The Amended Complaint further alleges that, "Plaintiff and others similarly situated regularly worked in excess of 40 hours per week for Defendants. Defendants did not pay Plaintiff and others similarly situated for these hours as exempt salaried employees under FLSA § 213(a)(1)."  (Amended Complaint, ¶ 107.)  As set forth below, these allegations are insufficient to state a claim for unpaid wages under the FLSA.

9

## STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a).  As such, a court has the authority to dismiss a complaint under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).

In *Bell Atlantic v. Twombly*, the Supreme Court held that in order to survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face.  550 U.S. 544, 570 (2007).  The Supreme Court stated, "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." 550 U.S. 544, 570 (2007) at 558 citing 5 C. Wright & A. Miller, *Federal Practice And Procedure* § 1216, at 233-234 (3d ed. 2004).  In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…" 556 U.S. at 678-679.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim of relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  Where, as here, portions of a Complaint fail to state a claim upon which relief can be granted, dismissal of such claims is appropriate.

10

## THE CERTIFICATION SUPPORTING DEFENDANTS' MOTION MAY BE CONSIDERED IN ACCORDANCE WITH RULE 12(B)(6).

While deciding this motion under Fed.R.Civ.P. 12(b)(6), the Court may consider the relevant pages from the PRC Employee Handbook filed contemporaneously herewith (attached to the Certification of Carmine A. Iannaccone, Esq.) because the Handbook is incorporated by reference into the Amended Complaint and is both relied upon and integral to the Amended Complaint.

Generally, when material outside the complaint is presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). However, a "complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are `integral' to the complaint." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F. 3d 419, 422 (2d Cir. 2011) (citations omitted).

Indeed, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153-54 (2d Cir. 2002) quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam). In *Chamber*s, the Second Circuit stated that the harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered. 282 F. 3d at 153 citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991). Accordingly, where a plaintiff has actual notice of all the information in the movant's papers "and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Chambers*, 282 F. 3d at 153 quoting *Cortec*, 949 F.2d at 48; see also *Sira v. Morton*, 380 F.3d

11

57, 67 (2d Cir.2004) (document not expressly cited in complaint was "incorporated into the pleading because [it] was integral to [plaintiff's] ability to pursue" his cause of action).

In this case, the PRC Handbook is quoted extensively in Plaintiff's Amended Complaint, and Plaintiff's claims are predicated on the Sick, Vacation and Personal Days policies in the Handbook.  (See, e.g., Amended Complaint ¶¶ 31-36, 50-52, 56, 59, 97.)  Thus, this Court may consider the PRC Employee Handbook in deciding Defendants' motion under Rule 12(b) (6).

FIRM:28139866v3

# LEGAL ARGUMENT

## I.   Plaintiffs Cannot State a Claim for Violations of the FLSA.

### A.  The single deduction alleged in the Amended Complaint is not enough to render Plaintiff non-exempt.

To be exempt from the overtime requirements of the FLSA, an employee must be paid on a "salary basis."  29 CFR § 541.602 provides that "[a]n employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives … a predetermined amount … which amount is not subject to reduction because of variations in the quality or quantity of the work performed."  However, there are several exceptions to this rule. Among other things:

> Deductions from pay may be made for absences of one or more full days occasioned by sickness or disability (including work-related accidents) if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability.

29 CFR § 541.602(b) (2).[4]

Plaintiff complains that she was not paid on a salary basis because, after she had taken 5.5 days of Sick Leave by mid-February, her "pay was reduced by approximately $400 for this period, from $1,617.91 to $1,222.61."  (Amended Complaint, ¶ 46.)[5]  Plaintiff further alleges

---

[4] In addition, deductions from pay may be made when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability. 29 CFR§541.602(b)(1).

[5] Notably, given that Plaintiff alleges she was paid $1,000 per week (Amended Complaint, ¶ 23), this alleged deduction would appear to cover two full day absences.

13

that not paying her for these absences was improper under the Salary Basis test because she had

Sick Leave available to her.[6]

However, exempt status is lost only if there is either an actual practice of making

deductions, or that a clear and particularized policy which effectively communicates that

deductions will be made in specified circumstances.  *Havey v. Homebound Mortgage, Inc.*, 547

F. 3d 158, 163 (2nd Cir. 2008) citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (a policy that

nominally covers all employees "does not 'effectively communicate' that pay deductions are an

anticipated form of punishment for employees" in a particular category.)[7]  An actual practice of

making improper deductions is evidenced by "the number of improper deductions."  *Cash v.*

*Cycle Craft Co., Inc.*, 508 F. 3d 680, 684 (1st Cir. 2007) (citations omitted.).  Clearly, the single

deduction alleged by Plaintiff is insufficient to establish such a practice and therefore an

insufficient on which to claim that Plaintiff was not paid on a salary basis.  *Cash*, 508 F. 3d at

684 ("two aberrant paychecks out of the approximately 50 that Cash received do not amount to

---

[6] Plaintiff's Amended Complaint makes a variety of references to allegedly improper deductions from "leave bank," but this does not appear to be part of Plaintiff's FLSA claim.  In any event, it is well-established that "employers do not violate the salary-basis test where deductions come from something other than an employee's base pay."  *Hoffmann v. Sbarro*, Inc., 982 F. Supp. 249, 259 (S.D.N.Y. 1997).  In response to a question on this issue, the United States Department of Labor stated:  "To respond to your specific concern about whether or not an exempt employee's accrued PTO leave bank may be reduced for partial day absences, the answer is yes. Where an employer has a benefits plan (e.g., vacation time, sick leave), it is permissible to substitute or reduce the accrued leave in the plan for the time an employee is absent from work, whether the absence is a partial day or a full day, without affecting the salary basis of payment, if the employee nevertheless receives in payment his or her guaranteed salary."  *United States Department of Labor Opinion Letter* dated January 7, 2005, FLSA2005-7.

[7] To the extent that Plaintiff continues to rely on the Partial Work Days policy, that policy nominally applies to all employees and thus does not effectively communicate that deductions would be taken from exempt employees.

14

an "actual practice."); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 372 (7th Cir. 2005) ("Identifying a few random, isolated, and negligible deductions is not enough to show an actual practice or policy of treating as hourly the theoretically salaried."). Thus, Plaintiff has not alleged facts that would be sufficient for her to demonstrate that deductions form her pay destroyed the salary basis test and made her non-exempt.

> **B. Plaintiff has not properly alleged that she had available sick leave at the time that she was not paid due to her absences, and thus has not alleged a violation of the "Salary Basis" test.**

As discussed previously, this assertion is based on the conclusory assertion that Plaintiff did not have to earn or accrue any sick leave, and thus all of the leave referenced in her pay stub was immediately available. However, this bald assertion is belied by the Amended Complaint's more specific quote from the Sick Leave policy stating that Sick Leave had to be "earned", and from the PRC Handbook stating that sick time "accrued" over the course of time. (Amended Complaint, ¶ 33; Iannaccone Cert., Exhibit D, PRC Employee Handbook, page 15.)

In sum, the Amended Complaint asserts that the complete 6-day allotment of annual Sick Leave was available to Plaintiff as of January 1, while simultaneously asserting that sick Leave had to be "earned" or "accrued" over time. Because the conclusory assertions in support of Plaintiff's FLSA claim are contradicted by the more specific allegations in the Amended Complaint and the incorporated documents, the facts alleged in plaintiff's Amended Complaint do not support a claim that plaintiff had sick leave available to her in February 2014. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir.1995) ("General, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint."); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993)(dismissing claim that is based on "wholly conclusory and inconsistent allegations"); *In re Livent, Inc. Noteholders Securities Litig.*, 151 F.

15

Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("Thus, a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."); *American Centennial Ins. Co. v. Seguros La Republica, S.A.*, No. 91 Civ. 1235, 1996 WL 304436 at *16 (S.D.N.Y. June 5, 1996)("Allegations are not well pleaded if they are `made indefinite or erroneous by other allegations in the same complaint[, or] ... are contrary to facts of which the Court will take judicial notice.'")  Therefore, Plaintiff has not property alleged a violation of the Salary Basis test destroying plaintiff's exempt status under the FLSA.  Accordingly, Plaintiff's FLSA claim should be dismissed.

### C.  <u>Plaintiff has not sufficiently alleged a claim for unpaid wages under the FLSA.</u>

Plaintiff does not allege that she was denied overtime pay or other wages in any particular week, and thus fails to plead her claim with the sufficient specificity to meet the standard of *Iqbal* and *Twombly*, as those cases have been applied to FLSA claims.  Thus, Plaintiff's FLSA claim must be dismissed.

The Second Circuit Court of Appeals has repeatedly addressed the pleading requirements for FLSA claims.  For example, in *Lundy v. Catholic Health System of Long Island Inc.*, the three plaintiffs asserted "FLSA claims focused on alleged unpaid overtime."  711 F.3d 106, 110 (2d Cir. 2013).  The first plaintiff alleged that she was "**typically**" scheduled to work three shifts per week that totaled 37.5 hours in a week, but "**occasionally**" worked an additional 12.5-hour shift or worked a slightly longer shift.  However, that plaintiff did not allege "how occasionally or how long," and did not allege that she was denied overtime pay in any particular week.  711 F.3d at 114-15.  The Second Circuit noted that the plaintiff's allegations could have occurred in such a

16

way that the plaintiff worked more than 40 hours in a week, but that was simply "low-octane fuel for speculation, not the plausible claim that is required."  *Id.*

The second plaintiff alleged that (i) she "'**typically**' worked four shifts per week, totaling 30 hours;" (ii) "**approximately** twice a month," she worked "'five to six shifts' instead of four shifts, totaling between 37.5 and 45 hours," and (iii) she was not paid for missed breaks.  The Second Circuit stated that the plaintiff did "not allege that she was denied overtime pay in a week where she worked these additional shifts."  The Circuit Court noted that "[m]aybe she missed all of her meal breaks, and always worked an additional 30 minutes before and two hours after her shifts, and maybe some of these labors were performed in a week when she worked more than her four shifts. But this invited speculation does not amount to a plausible claim under FLSA."  711 F.3d at 115.[8]  The Second Circuit therefore concluded that no plausible FLSA claim was pled by either plaintiff, and dismissed their claims.

In *Dejesus v. HF Management Services, LLC*, 726 F. 3d 85, 89 (2d Cir. 2013), the plaintiff sought to avoid the deficiencies addressed in *Lundy* by alleging that in "some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation."   The Second Circuit nevertheless concluded that the plaintiff failed to state a plausible claim for relief because she did not "allege overtime without compensation in a given workweek," as required by *Lundy*.  *Id.*

The Second Circuit explained that *Lundy's* requirement that plaintiffs allege with specificity a workweek in which they were entitled to but denied overtime payment "was designed to require plaintiffs to provide some factual context that will nudge their claim from

---

[8] The third plaintiff conceded that he did not work more than 40 hours in any given workweek.

17

conceivable to plausible. . . ."  726 F. 3d at 90.  Although *Lundy* does not require "plaintiffs to keep careful records and plead their hours with mathematical precision," it does require plaintiffs to draw on their "memory and experience" to develop factual allegations with sufficient specificity that they "plausibly suggest" that the defendant failed to comply with its statutory obligations under the FLSA.  Dejesus, 726 F. 3d at 90.  Because the complaint in *Dejesus* "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation" the plaintiff's FLSA claim was "therefore inadequate and properly dismissed."  726 F. 3d at 89.

The First Circuit Court of Appeals reached a similar conclusion in *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012).  In that case, the plaintiffs alleged in their amended complaint that they had "**regularly** worked hours over forty in a week and were not compensated for such time…"  *Pruell*, 678 F.3d at 13.  The First Circuit described this allegation as "one of those borderline phrases" that, "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Pruell*, 678 F.3d at 13 (citation and internal quotation marks omitted). The Court observed that this allegation was "little more than a paraphrase of the statute" and thus "too meager, vague, or conclusory to . . ." nudge plaintiffs' claim "from the realm of mere conjecture. . . ." to the realm of plausibility, as required by *Twombly* and *Iqbal*.  *Pruell*, 678 F.3d at 13.

In this case, Plaintiff's only allegations regarding her alleged overtime hours are:

- "Although Plaintiff **typically** worked a 40-hour week, Plaintiff was **occasionally** tasked with working more than 40 hours per week. **Approximately** twice a month, Plaintiff would work 2-3 hours over 40 during a week. And **approximately** once a month, Plaintiff would be required to work on Saturdays for 5-6 hours."  (Amended Complaint, ¶ 25.)

18

- "Plaintiff and others similarly situated **regularly** worked in excess of 40 hours per week for Defendants.  Defendants did not pay Plaintiff and others similarly situated for these hours as exempt salaried employees under FLSA § 213(a)(1)."  (Amended Complaint, ¶ 107.)

The allegations in the Amended Complaint (that Plaintiff "typically" worked a 40-hour week but "occasionally" worked more) are almost identical to the allegations of the complaint in *Lundy* (that the plaintiff "typically" worked 37.5 hours in a week, but "occasionally" worked an additional 12.5-hour shift).  Thus, just as the allegations in *Lundy* failed to sufficiently allege the plaintiff was denied overtime pay in any particular workweek, the allegations in paragraph 25 are similarly deficient.  *Lundy*, 711 F.3d at 114-15.[9]  Furthermore, as in *Pruell*, merely inserting the word "Plaintiff" into a paraphrasing of the language of the FLSA does nothing to satisfy the requirements if *Iqbal* and *Twombly*.

Accordingly, Plaintiff's claim under the FLSA should be dismissed with prejudice.

---

[9] As in *Lundy*, Plaintiff's allegations merely invite conjecture as to whether plaintiff worked these alleged hours, for example, during weeks in which she took time off.

19

**II.**   **Plaintiffs Cannot State a Claim for Impermissible Deductions Under Section 193.**

Count Two of the Complaint alleges that:

> "Defendants repeatedly made unlawful and improper deductions under their leave policies from the paychecks of Plaintiff and others similarly situated in violation of Section 193 of the New York Labor Law.  Specifically, Defendants deducted hours from Plaintiff's leave bank in excess of the leave Plaintiff had actually taken."

(Amended Complaint, ¶¶ 117-118.)   The Amended Complaint further asserts that "[s]uch deductions were ostensibly made as fines or penalties for tardiness and/or excessive leave." (Amended Complaint, ¶ 119.)   These allegations fail to state a claim on which relief may be granted.

First, while the Amended Complaint recites a variety of changes to the amounts of accruable leave set forth in Plaintiff's paychecks, it never explains which changes purportedly reflect unlawful deductions.  The Amended Complaint affirmatively states that Plaintiff's projected accruals were adjusted downward, not as a deduction, but to reflect that fact that some of the Leave that would typically accrue to Plaintiff would not accrue in 2014 because she would be out on FMLA leave.  (Amended Complaint, ¶ 56.)  Plaintiff offers no factual allegation suggesting that this adjustment was improper.  Thus, the Amended Complaint does not allege factual material that is sufficient to establish a claim under Section 193, and that claim should be dismissed.

Second, a reduction in the amount of leave that would be afforded to Plaintiff is not a "deduction" from "wages."  Plaintiff does not allege that she could cash in her leave if she chose to do so, and PRC's policies demonstrate that most of Plaintiff's paid time off for 2014 had not accrued as of January and February 2014.  Indeed, if her employment were to end, Plaintiff would not be entitled to be paid for unused Leave time (with the exception of 5 days of Vacation

20

Leave, as set forth in the PRC Handbook.  (Iannaccone Cert., Exhibit D, PRC Employee Handbook, page 14-15.)   Thus, Plaintiff cannot claim to have any vested right in her unused leave.  That leave, therefore, is not wages.  See *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 617 (2008) (once a commission was "earned" it vested and "became a 'wage' that was subject to the restrictions of section 193. If [deductions] were made before the commissions were earned, section 193 did not prohibit them…")

Finally, the Amended Complaint simply asserts that Defendant never provided Plaintiff with some of the leave to which she was allegedly entitled.   It is well-established that an employer's failure to provide compensation to an employee is not a deduction under Section 193 of the New York Labor Law.  See *Strohl v. Brite Adventure Ctr., Inc.*, No. 08-CV-259, 2009 U.S. Dist. LEXIS 78145 at *27-28 (E.D.N.Y. Aug. 28, 2009) (dismissing an improper deduction claim where the plaintiff alleged that the defendant violated section 193 by adjusting her total hours downward as a penalty for punching in before or after her 8:00am start time because the "defendants did not `deduct' any amount from [the plaintiff's] wages, but simply failed to pay her all the wages she had earned."); *Ireton-Hewitt v. Champion Home Builders Co.*, 501 F.Supp.2d 341, 353 (N.D.N.Y. 2007) ("Champion did not make unauthorized deductions from Ireton-Hewitt's vacation or severance pay. Rather, it never tendered payment of unused vacation pay and severance pay to plaintiff."); see also *Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC*, 2012 U.S. Dist. LEXIS 40288, at *30 (E.D. N.Y. Mar. 23, 2012) (Section 193 was "intended to place the risk of loss for such things as damaged, spoiled merchandise, or lost profits on the employer rather than the employee. The provision does not cover failure to pay an employee for time worked.") (internal citation and quotation marks omitted."); *Kletter v. Fleming*, 820 N.Y.S.2d 348, 350 (3d Dept. 2006) ("While his supplemental bill of particulars

asserts that plaintiff withheld some of defendant's pay to compensate other dentists for the correction of his work… [t]his dispute as to the calculation of the net amount does not reflect a deduction from wages within the meaning of Labor Law § 193…").  Accordingly, the Amended Complaint fails to state a claim on which relief may be granted, and should be dismissed under Fed.R.Civ.P. 12(b)(6).

## **CONCLUSION**

In light of the foregoing, Counts One and Two of Plaintiff's Amended Complaint should be dismissed with prejudice and without further leave to amend.

Dated:  February 2, 2015                    EPSTEIN BECKER & GREEN, P.C.

    /s/ Carmine A. Iannaccone
Carmine A. Iannaccone
250 Park Avenue
New York, New York 10177-1211
Tel: 212.351.4500
CIannaccone@ebglaw.com

Attorneys for Defendants
  *PRC Management Company LLC, Frank Linde, John Chatzky, and David Gartenlaub*

22